CLD-100                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2673
_____

UNITED STATES OF AMERICA

v.

CORDERRO CODY
a/k/a GATOR
a/k/a FOOTZ
a/k/a/DADDY,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5:14-cr-00583-001)
District Judge:  Honorable Edward G. Smith

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2022
Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: March 21, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Corderro Cody, proceeding pro se, appeals from the District Court's order denying his motion to modify his sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2015, Cody pleaded guilty to fifteen counts of sex trafficking. Facing the prospect of life imprisonment for his crimes, Cody had entered a binding agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) which contained an agreed-upon sentence of 360 months' imprisonment. After the District Court accepted Cody's plea but before sentencing, Cody changed his mind and moved to withdraw his guilty plea. He contended that he was innocent[1] and that counsel had coerced him into pleading guilty. The District Court denied the motion after a hearing. The District Court sentenced him to the 360-month term contained in the Rule 11(c)(1)(C) agreement. We affirmed the District Court's judgment. United States v. Cody, 716 F. App'x 85 (3d Cir. 2017). Cody filed an unsuccessful motion under 28 U.S.C. § 2255, and we declined to issue a certificate of appealability. United States v. Cody, C.A. No. 19-3470 (order entered Mar. 17, 2020).

In August 2021, Cody filed a motion to modify his sentence under section 3582(c)(1)(A), asserting that he had "extraordinary and compelling" reasons for a

---

[1] Cody apparently did not deny sex trafficking but maintained that he had "not engage[d] in force, fraud, or coercion." United States v. Cody, 716 F. App'x 85, 88 (3d Cir. 2017).

modification, and he requested appointment of counsel. He asserted that his "extraordinary acceptance of responsibility" and the fact that he pleaded guilty only because of his plea attorneys' conflict of interest constitute extraordinary and compelling reasons under the statute. ECF No. 147 at 4. In an order denying relief and appointment of counsel, the District Court concluded that neither of Cody's proffered grounds were "extraordinary and compelling" reasons for a reduction in sentence, and that, even if he had made such a showing, Cody remained a danger to his victims and to the community at large. D. Ct. Order at 3 n.1. Cody filed this timely appeal and a pro se informal brief. The Government moved for summary affirmance, which Cody has opposed. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[2]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of decision, and we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up). Summary action is appropriate if "no substantial question is presented" by Cody's appeal. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] We also grant the Government's request for leave to file its motion for summary action, see Government's Motion at 1 n.1, and its motion to be excused from filing a brief. Cody opposes the motion as tardy, but the Government filed the motion on January 3, the deadline for Cody to file his brief. See 3d Cir. L.A.R. 27.4(b) (providing that a motion for summary action should be filed "before appellant's brief is due").

We discern no abuse of discretion in the District Court's ruling that Cody failed to demonstrate extraordinary and compelling reasons for modifying his sentence. First, assuming, arguendo, that "extraordinary" acceptance of responsibility could be grounds for modification, Cody's conduct could not be classified as such in light of the protestations of innocence made in his motion to withdraw the plea and at his sentencing. And, even though Cody avoided accepting fault, he was nonetheless sentenced as if he had, because the District Court chose to take into account that Cody had previously "appeared to be honest," and "recogniz[ed] what [he] had actually done to these women" at his plea hearing. See D. Ct. Order at 3 n.1. While it is true that he pleaded guilty to all fifteen counts of the indictment, that fact does not demonstrate an unusual acceptance of responsibility when coupled with the knowledge that doing so ensured (once the plea was accepted) that he would avoid a potential life sentence after a trial where there was potentially "devastating" evidence against him. Cody, 716 Fed. App'x at 87.

Cody's other proposed ground for modification is that his plea attorneys were burdened by a conflict of interest which developed as they prepared for trial. As the District Court points out, Cody unsuccessfully adjudicated the merits of this claim in his section 2255 motion, and we denied him a certificate of appealability for the claim. As the claim is meritless, it cannot qualify as an extraordinary and compelling ground to modify his sentence.

Finally, we note that, in addition to the lack of an "extraordinary and compelling" basis for release, the District Court also concluded that the factors under 18 U.S.C. §

4

3553(a)(1) counseled against it.[3]  Specifically, the District Court looked to the factual basis for the guilty plea, which included evidence that Cody physically assaulted victims, and decided that Cody continued to present a danger to the safety to his victims as well as the community.  We find no abuse of discretion in this reasonable conclusion.[4]

Accordingly, we will affirm the District Court's August 31, 2021 judgment.  See 3d Cir. I.O.P. 10.6.

---

[3] Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C).

[4] Cody asserts that the District Court improperly relied upon the Guidelines policy statement U.S.S.G. § 1B1.13 in considering the parameters of compassionate release. However, the District Court explicitly noted that it only considered the policy statement as guidance, which was in complete accordance with what we advised in United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021).